1

2

3

4

5

6              UNITED STATES DISTRICT COURT

7                  EASTERN DISTRICT OF CALIFORNIA

8

ARCHIE CRANFORD,                         CASE NO.   1:08-cv-1734-MJS (PC)

9
                      Plaintiff,

10                                         ORDER  DISMISSING  COMPLAINT  WITH
         v.                                LEAVE TO AMEND

11
LETTY AVILA, et al.,                       AMENDED COMPLAINT DUE 1/14/11

12
                      Defendants.

13
                                        /

14

15        Plaintiff Archie Cranford ("Plaintiff") proceeds pro se and in forma pauperis in this

16   civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is civilly committed to Coalinga

17   State Hospital as a sexually violent predator.  Plaintiff's November 13, 2008 Complaint is

18   currently before the Court for screening.  For the reasons stated below, the Court finds that

19   Plaintiff's Complaint fails to state a claim upon which relief could be granted.

20   I.       SCREENING REQUIREMENT

21        The in forma pauperis statutes provides that "the court shall dismiss the case at any

22   time if the court determines that . . . the action or appeal . . . fails to state a claim upon

23   which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint must contain "a

24   short and plain statement of the claim showing that the pleader is entitled to relief . . . ."

25   Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare

26   recitals of the elements of a cause of action, supported by mere conclusory statements,

27   do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v.

28   Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted

1   inferences," <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal

2   quotation marks and citation omitted).  While factual allegations are accepted as true, legal

3   conclusion are not.  <u>Iqbal</u>, 129 S.Ct. at 1949.

4       Under section 1983, a plaintiff must demonstrate that each defendant personally

5   participated in the deprivation of his rights.  <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir.

6   2002).  This requires the presentation of factual allegations sufficient to state a plausible

7   claim for relief.  <u>Iqbal</u>, 129 S.Ct. at 1949-50; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962,

8   969 (9th Cir. 2009).   The mere possibility of misconduct falls short of meeting this

9   plausibility standard.  <u>Iqbal</u>, 129 S.Ct. at 1949-50; <u>Moss</u>, 572 F.3d at 969.

10  **II.    FACTS**

11      Plaintiff's November 13, 2008 Complaint alleges as follows:  Because Plaintiff has

12  a history of heart attacks, his doctor instructed him to keep nitro-glycerin tablets with him

13  at all times.  Plaintiff was to self-administer his nitro-glycerin  if he felt a heart attack coming

14  on.

15      On September 16, 2008, Defendant Ires Wilkins asked Plaintiff if he knew when and

16  how to use his heart medication and if he was aware of the risks of using his medication

17  incorrectly.  After extensive questioning, Plaintiff alleges that Wilkins felt he was reliable

18  enough to self-medicate. However, Defendant Letty Avila ordered Wilkins to take Plaintiff's

19  nitro-glycerin tablets.  Plaintiff informed Defendants that he was under doctor's orders to

20  carry those tablets with him at all times, but they did not immediately return the tablets to

21  Plaintiff.  Plaintiff seeks a permanent injunction of both Defendants' employment as well

22  as monetary damages.  (ECF No. 1.)

23  **III.   ANALYSIS**

24      Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges,

25  or immunities secured by the Constitution and laws' of the United States."  <u>Wilder v.</u>

26  <u>Virginia Hosp. Ass'n</u>, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983

27  is not itself a source of substantive rights, but merely provides a method for vindicating

28  federal rights conferred elsewhere.  <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989).

1    Plaintiff alleges that prison officials violated his constitutional rights by failing to

2  provide adequate medical care.  Plaintiff is not a prisoner; he is civilly committed to

3  Coalinga State Hospital as a sexually violent predator.  "[C]ivil detainees retain greater

4  liberty protections than individuals detained under criminal process, and pre-adjudication

5  detainees retain greater liberty protections than convicted ones . . . ." Jones v. Blanas, 393

6  F.3d 918, 932 (9th Cir. 2004) (citations omitted).  Treatment is presumptively punitive when

7  a civil detainee is confined in conditions identical to, similar to, or more restrictive than his

8  criminal counterparts and when a pre-adjudication civil detainee is detained under

9  conditions more restrictive than a post-adjudication civil detainee would face.  Id. at 932-33.

10    As a civil detainee, Plaintiff's right to medical care is protected by the substantive

11  component of the Due Process Clause.  Youngberg v. Romeo, 457 U.S. 307, 315, 102

12  S.Ct. 2452 (1982).  A determination whether Plaintiff's rights were violated requires

13  "balancing of his liberty interests against the relevant state interests." Youngberg, 457 U.S.

14  at 321.  Plaintiff is "entitled to more considerate treatment and conditions of confinement

15  than criminals whose conditions of confinement are designed to punish," but the

16  Constitution requires only that courts ensure that professional judgment was exercised.

17  Youngberg, at 321-22.  A "decision, if made by a professional, is presumptively valid;

18  liability may be imposed only when the decision by the professional is such a substantial

19  departure from accepted professional judgment, practice, or standards as to demonstrate

20  that the person responsible actually did not base the decision on such a judgment." Id. at

21  322-23; compare Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir.

22  2010) (rejecting the Youngberg standard and applying the deliberate indifference standard

23  to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are

24  confined to ensure presence at trial, are not similarly situated to those civilly committed).

25    The facts alleged in Plaintiff's complaint fail to state a claim for inadequate medical

26  care. Plaintiff alleges that a staff member confiscated his medication for a period of time.

27  It is unclear from Plaintiff's complaint how long he was deprived of his nitro-glycerin tablets

28  and what harm, if any, resulted from his deprivation.  A plaintiff must show harm caused

1   by his  medical treatment in order to state a civil rights claim.  Jett v. Penner, 439 F.3d

2   1091, 1096 (9th Cir. 2006).   Plaintiff also has failed to allege facts showing that

3   Defendants' removal of his medication was a substantial departure from accepted

4   professional judgment, practice, or standards.  Accordingly, the Court finds that Plaintiff

5   has failed to state a claim upon which relief could be granted.

6   **IV.     CONCLUSION AND ORDER**

7          Plaintiff's Complaint does not state a claim for relief under section 1983.  The Court

8   will grant Plaintiff <u>one</u> opportunity to file an amended complaint.  Noll v. Carlson, 809 F.2d

9   1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding

10  new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th

11  Cir. 2007).

12         Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state

13  what each named defendant did that led to the deprivation of Plaintiff's constitutional or

14  other federal rights.   Although accepted as true, the "[f]actual allegations must be

15  [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at

16  555 (citations omitted).

17         Finally, an amended complaint supercedes the original complaint, Forsyth v.

18  Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th

19  Cir. 1987), and must be "complete in itself without reference to the prior or superceded

20  pleading," Local Rule 220.   Therefore, "[a]ll causes of action alleged in an original

21  complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at

22  567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord

23  Forsyth, 114 F.3d at 1474.

24         Based on the foregoing, it is HEREBY ORDERED that:

25         1.     The Clerk's Office shall send Plaintiff a blank civil rights complaint form;

26         2.     Plaintiff's complaint is dismissed for failure to state a claim upon which relief

27                may be granted;

28         3.     Plaintiff shall file an amended complaint by **January 14, 2011**; and

1      4.      If Plaintiff fails to file an amended complaint in compliance with this order,

2              this action will be dismissed, with prejudice, for failure to state a claim and

3              failure to prosecute.

4

5    IT IS SO ORDERED.

6    Dated:    December 7, 2010              /s/ *Michael J. Seng*
     ci4d6                                   UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28