UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ARCHIE CRANFORD,                          CASE NO.   1:08-cv-1734-MJS (PC)

            Plaintiff,

      v.                                  SCREENING ORDER

                                          (ECF No. 10)
LETTY AVILA, et al.,
                                          CLERK SHALL CLOSE CASE
            Defendants.

_____/

      Plaintiff Archie Cranford ("Plaintiff") proceeds pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is civilly committed to Coalinga State Hospital as a sexually violent predator.  Plaintiff initiated this action on November 13, 2008. (ECF No. 1.)  The Court previously screened Plaintiff's Complaint and dismissed it for failure to state a claim, but gave Plaintiff leave to amend. (ECF No. 9.)  On December 15, 2010, Plaintiff filed the Amended Complaint which is now before the Court for screening.  (ECF No. 10.)

I.    **SCREENING REQUIREMENT**

      The in forma pauperis statutes provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice," <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v.</u> <u>Twombly</u>, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusion are not.  <u>Iqbal</u>, 129 S.Ct. at 1949.

Under section 1983, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  <u>Iqbal</u>, 129 S.Ct. at 1949-50; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).   The mere possibility of misconduct falls short of meeting this plausibility standard.  <u>Iqbal</u>, 129 S.Ct. at 1949-50; <u>Moss</u>, 572 F.3d at 969.

**II.    FACTS**

Plaintiff is civilly committed to Coalinga State Hospital as a sexually violent predator. Plaintiff has named Letty Avila, the Unit Supervisor, and Ires Wilkins, RN, as Defendants in this action.

Plaintiff alleges as follows:

On a day in September[1] Defendant Avila ordered Defendant Wilkens to remove from Plaintiff nitro-gylcerin tablets which Plaintiff used, with a doctor's permission, to prevent chest pain and heart attacks.  Plaintiff has been without this medication at least since that date to the date of filing his initial complaint, November 13, 2008, and perhaps through the date of this Amended Complaint.  Plaintiff has had several bouts of chest pain and two heart attacks as a result of his medication being removed from his possession.

Plaintiff asks for a permanent injunction of both "Defendants" employment, compensatory damages, punitive damages, and regular damages.

*///*

---

[1] Plaintiff does not specify what in what year this incident took place.  His original Complaint alleged 2008.

1    **III.**    <u>**ANALYSIS**</u>

2      As the Court previously informed Plaintiff, Section 1983 "provides a cause of action

3 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and

4 laws' of the United States." <u>Wilder v. Virginia Hosp. Ass'n</u>, 496 U.S. 498, 508 (1990)

5 (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but

6 merely provides a method for vindicating federal rights conferred elsewhere. <u>Graham v.</u>

7 <u>Connor</u>, 490 U.S. 386, 393-94 (1989).

8      Plaintiff alleges that prison officials violated his constitutional rights by failing to

9 provide adequate medical care. Plaintiff is not a prisoner; he is civilly committed to

10 Coalinga State Hospital as a sexually violent predator. "[C]ivil detainees retain greater

11 liberty protections than individuals detained under criminal process, and pre-adjudication

12 detainees retain greater liberty protections than convicted ones . . . ." <u>Jones v. Blanas</u>, 393

13 F.3d 918, 932 (9th Cir. 2004) (citations omitted). Treatment is presumptively punitive when

14 a civil detainee is confined in conditions identical to, similar to, or more restrictive than his

15 criminal counterparts, and when a pre-adjudication civil detainee is detained under

16 conditions more restrictive than a post-adjudication civil detainee would face. <u>Id.</u> at 932-33.

17      As a civil detainee, Plaintiff's right to medical care is protected by the substantive

18 component of the Due Process Clause. <u>Youngberg v. Romeo</u>, 457 U.S. 307, 315 (1982).

19 A determination whether Plaintiff's rights were violated requires "balancing of his liberty

20 interests against the relevant state interests." <u>Youngberg</u>, 457 U.S. at 321. Plaintiff is

21 "entitled to more considerate treatment and conditions of confinement than criminals

22 whose conditions of confinement are designed to punish," but the Constitution requires

23 only that courts ensure that professional judgment was exercised. Youngberg, 457 U.S.

24 at 321-22. A "decision, if made by a professional, is presumptively valid; liability may be

25 imposed only when the decision by the professional is such a substantial departure from

26 accepted professional judgment, practice, or standards as to demonstrate that the person

27 responsible actually did not base the decision on such a judgment." <u>Id.</u> at 322-23;

28

1  compare Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010)

2  (rejecting the Youngberg standard and applying the deliberate indifference standard to a

3  pretrial detainee's right to medical care, and noting that pretrial detainees, who are

4  confined to ensure presence at trial, are not similarly situated to those civilly committed).

5  Under this "professional judgment" standard, mere negligence or medical malpractice does

6  not violate the Constitution.  See Patten v. Nichols, 274 F.3d 829, 842-43 (4th Cir. 2001)

7  (applying *Youngberg* "professional judgment" standard to a denial of medical care claim

8  by a civilly committed psychiatric patient and holding that more than negligence is

9  required).

10         The facts alleged in Plaintiff's Amended Complaint fail to address the deficiencies

11  pointed out in the Court's original screening order.  Plaintiff does now allege that he

12  suffered chest pain and heart attacks during a not-clearly described period of time.

13  However, he has failed to allege facts showing that Defendants' removal of the medication

14  was a substantial departure from accepted professional judgment, practice, or standards.

15  The original pleading reflected concern on the part of Defendants, who apparently are

16  medical personnel, with whether Plaintiff was aware of the risks of using the medication

17  and whether he was capable of reasonably and reliably self-medicating with it.  According

18  to the original pleading, Defendant Wilkens was satisfied, but Defendant Avila was not.

19  In his amended pleading, Plaintiff does not allege that Defendants had any improper or

20  non-penological motive for their actions.  The most that could be read into Plaintiff's

21  allegations is that Defendant Avila disagreed with the reported permission given to Plaintiff

22  to self-medicate and that Defendant Wilkens was simply following Defendant Avila's

23  instructions.   Even if it were assumed that Defendant's judgment was medically

24  inadvisable, there is nothing in the Complaint to suggest that Defendant's were improperly

25  motivated or guilty of anything except perhaps negligence in removing the tablets.  Mere

26  negligence does not suffice under the "professional judgment" standard to state a

27  cognizable claim for inadequate medical care against Defendants.

28

**IV.     CONCLUSION AND ORDER**

        For the reasons stated above, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted and, inasmuch as previously noted deficiencies remain, leave to amend would be futile.  See <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Accordingly, Plaintiff's Complaint is DISMISSED WITH PREJUDICE for failure to state a claim.  The Clerk shall close the case.



IT IS SO ORDERED.

Dated:    September 26, 2011                /s/ *Michael J. Seng*
ci4d6                                        UNITED STATES MAGISTRATE JUDGE

-5-